# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

EDGAR POLO AND INES POLO,

                        Plaintiffs,

   -against-

40-66 ITHACA ST. OWNERS CORP.,                    Case No.: 1:23-cv-05128
PINNACLE GROUP NY LLC, JOEL WIENER,
AND TAL SHARON,

                        Defendants.
_____

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into effective July ___, 2024, by, between, and among Plaintiffs Edgar Polo ("E. Polo") and Ines Polo ("I. Polo") (collectively "Plaintiffs") and the Defendants, 40-66 Ithaca St. Owners Corp., Pinnacle Group NY LLC, (the "Corporate Defendants"), Joel Wiener and Tal Sharon (the "Individual Defendants") (Corporate Defendants and Individual Defendants are hereinafter collectively referred to as "Defendants"). Plaintiffs and Defendants are together referred to as the "Parties." This Agreement resolves all claims and issues between the Parties as further set forth below.

## RECITALS

**WHEREAS**, Plaintiff E. Polo has worked as a porter from on or about 1990 through the present at 40-66 Ithaca St. Elmhurst, NY 11373, (the "Building"), which is also the Polos' place of residence;

**WHEREAS**, Plaintiffs commenced the within civil action against the Defendants on July 6, 2023 in the United States District Court for the Eastern District of New York, styled *Edgar Polo and Ines Polo v. 40-66 Ithaca St. Owners Corp., Pinnacle Group NY LLC, Joel Wiener and Tal Sharon,* Case No.: 1:23-cv-05128 (the "Action"), in which they asserted claims under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL");

1

**WHEREAS**, Defendants have denied, and continue to deny, any and all liability and wrongdoing with respect to Plaintiffs' allegations and Complaint filed in the Action; and

**WHEREAS,** Plaintiffs and Defendants, in order to avoid the cost, risk, and nuisance of further litigation, and without any finding of fact against either Party, or admission of liability by either Party, have agreed on the material terms of their settlement following a March 28, 2024 mediation presided over by Michael Kreitman, Esq., an independent, court-appointed mediator, and are further desirous of memorializing their agreement in writing as follows:

**NOW, THEREFORE,** in consideration of the mutual promises contained herein, the Parties agree (the "Agreement") as follows:

1. Defendants agree to pay the total sum of Seventy-Five Thousand Dollars ($75,000.00), via checks, as a full and final settlement of this Action (the "Settlement Payment"), of which Twenty-Six Thousand Three Hundred Twelve Dollars and Thirty-Two Cents ($26,312.32) shall be paid to Plaintiff E. Polo, Twenty-Two Thousand Two Hundred Five Dollars and Forty-One Cents ($22,205.41) shall be paid to Plaintiff I. Polo, and Twenty-Six Thousand Four Hundred Eighty-Two Dollars and Twenty-Seven Cents ($26,482.27) shall be paid to Plaintiffs' counsel, Levin-Epstein & Associates, P.C. ("Plaintiffs' Counsel"), as attorney fees of $24,258.87 and costs of $2,223.40. In addition, the following conditions shall apply to the Settlement Payment:

    a. Simultaneously upon the parties' execution of this Agreement, Defendants shall deliver, or cause to be delivered, payments in the total amount of Seventy-Five Thousand Dollars ($75,000.00) (*i.e.,* the "Settlement Payment") via Federal Express "FedEx First Overnight", "FedEx Priority Overnight"; or a comparable method of overnight delivery, to Bond, Schoeneck & King, Attn.:

        Samuel G. Dobre, 600 Third Avenue 22nd Floor, New York, NY 10016-1915, made payable as set forth in Section 1.

b. Upon Defendants' counsel's receipt of the Settlement Payments in the form of three (3) certified checks, the parties shall file this Agreement for Court approval, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

c. Defendants' counsel shall then deliver, or cause to be delivered, the Settlement Payment, within fifteen (15) business days after the parties receive notice that the Court has approved this Agreement, provided that, prior to such payments, Plaintiffs and Levin-Epstein & Associates, P.C., shall each have delivered to Defendants' counsel an IRS Form W-9 and/or and IRS Form W-4, and, if prior to the agreed upon date for which Plaintiffs must vacate, Plaintiffs have vacated the Premises at the Building, as defined in Paragraph 10. Unless the Court dismisses the Action via its approval order or orders otherwise, Defendants' attorneys shall file the Stipulated Order of Dismissal, attached as **Exhibit 1**, immediately after Defendants tender Settlement Payment to Plaintiffs' Counsel.

d. Fifty percent (50%) of the Settlement Payment due to Plaintiff E. Polo, or $13,156.16, shall be treated as wages and shall be paid via payroll check with appropriate withholdings for taxes and payroll taxes, such as Social Security, Medicare contributions, and for which an IRS W-2 form shall be issued for the tax year 2024. Withholdings from wages, shall be made at the lump sum rate specified in under federal, state and local law. The other fifty percent (50%) of the Settlement Payment due to Plaintiff E. Polo, or $13,156.16, to be paid via certified check, shall

        be treated as non-wage related damages, including, but not limited to, tenancy claims and liquidated damages. An IRS Form 1099 shall be issued to Plaintiff E. Polo for such amount or the tax year 2024.

e.    The Settlement Payment due to Plaintiff I. Polo, or $22,205.41, to be paid via certified check, shall be treated as non-wage related damages, including, but not limited to, her tenancy claims and liquidated damages. An IRS Form 1099 shall be issued to Plaintiff I. Polo for such amount for the tax year 2024.

f.    An appropriate IRS Form 1099 shall be issued to Plaintiffs and Plaintiffs' counsel, Levin-Epstein & Associates, P.C., for the portion of the settlement payment, to be paid via certified check, delivered to Levin-Epstein & Associates, P.C.

g.    It is specifically understood and agreed that the Settlement Payment includes all attorneys' fees and costs to which Plaintiffs and/or their attorneys may be entitled.

h.    The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiffs under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. Defendants do not make any representations or guarantees as to the tax consequences of the Settlement Payment. Neither the Defendants nor Plaintiffs' Counsel have made any representations or guarantees to Plaintiffs as to whether these payments will result in tax liability to Plaintiffs, or any tax consequences relating to payment of the Settlement Amount to Plaintiffs, and Plaintiffs will be solely responsible for any taxes, penalties and/or interest owed without any additional compensation from Defendants. Plaintiffs have not relied upon any representation by Defendants or their attorneys on the subject of

taxes related to the Settlement Amount. Plaintiffs shall be solely responsible for any and all such taxes which may be due as a result of their receipt of the Settlement Amount. Plaintiffs further agree to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by the Parties as a result of not withholding taxes on any monies paid pursuant to this Agreement and to fully indemnify and hold the Defendants harmless against such liability. If any Party to this Agreement receives notice from any taxing authorities regarding the payment hereunder, the Party will provide the other Parties with a copy of such notice, within a reasonable period, and Plaintiffs shall address any requests made by such taxing authority. Plaintiffs understand that, in the event that the Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiffs will reimburse such party for its reasonable attorneys' fees and costs associated with such enforcement.

i. Plaintiffs acknowledge and accept all terms of this settlement, including the payments to Plaintiffs and their attorneys, Levin-Epstein & Associates, P.C., in full and final settlement of this Action.

2. The Parties agree that Plaintiffs' claims against the Defendants are dismissed with prejudice, without costs to any party against another (except as set forth in Paragraph 1).

3. The Parties agree that their attorneys are authorized to submit the Agreement to the Court without further notice to any Party, and to take any further action necessary for approval of the Agreement by the Court.

5

4. This Agreement and its terms do not constitute an admission of liability by any party and shall not be interpreted to imply an admission of liability by any party. This Agreement may not be used in court as evidence, except to enforce the terms thereof.

5. For and in consideration of the Settlement Amount paid to Plaintiffs as more fully described in Paragraph 1, above, Plaintiffs hereby unconditionally and irrevocably waive, release and forever discharge 40-66 Ithaca St. Owners Corp., Pinnacle Group NY LLC, Joel Wiener and Tal Sharon (all Defendants), their past and present affiliates, subsidiaries, members, partners, agents, representatives, employees, heirs, predecessors, successors, assigns, attorneys of record, and insurers, in both their official and individual capacities (collectively "Releasees"), from any and all matters, claims, demands, grievances, complaints, or causes of action, and appeals of any kind arising under for compensation relating to the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the Wage Theft Prevention Action, the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing wage claims and/or any tenancy related matters.

A. In consideration of Plaintiffs' continued tenancy in the Building until either no later than: 15 days following Plaintiffs' receipt of the Settlement Payment described in Paragraph 1 or July 15, 2024, as described in Paragraph 10, Plaintiffs hereby waive, release and forever discharge from any claim or cause of action that Plaintiffs have or may have against any of the Releasees that arose, accrued, or existed at any time in the past up to and including the date Plaintiffs sign this Agreement (including the future effects of any action or omission or alleged cause of action that arose at any time up to and including the date Plaintiffs sign this Agreement) relating to Plaintiffs' tenancy at the Building. Plaintiffs understand that this portion of the release is being

agreed to only in consideration of the resolution of Plaintiffs' non-wage related claims against Defendants, which includes, but is not limited to, Plaintiffs' tenancy at the Building.

B. In consideration of Plaintiffs' vacatur of the Building until either no later than: 15 days following Plaintiffs' receipt of the Settlement Payment described in Paragraph 1 or July 15, 2024, as described in Paragraph 10, Defendants hereby waive, release and forever discharge from any claim or cause of action that Defendants have or may have against E. Polo, I. Polo, their past and present agents, representatives, employees, heirs, predecessors, successors, assigns, attorneys of record, and insurers, in both their official and individual capacities (collectively "Polo Releasees"), that arose, accrued, or existed at any time in the past up to and including the date Defendants sign this Agreement (including the future effects of any action or omission or alleged cause of action that arose at any time up to and including the date Defendants sign this Agreement) relating to Plaintiffs' tenancy at the Building. Defendants understand that this portion of the release is being agreed to only in consideration of the resolution of Plaintiffs' non-wage related claims against Defendants, which includes, but is not limited to, Plaintiffs' tenancy at the Building.

C. This Agreement and Release does not extend to those rights that as a matter of law cannot lawfully be waived and does not release any claims that arise after Plaintiffs sign this Agreement. This Agreement also does not prohibit Plaintiffs from filing an administrative complaint or charge with the Equal Employment Opportunity Commission ("EEOC"), or cooperating with, participating in, or testifying in any investigation by any government agency, however, this Agreement shall prevent Plaintiffs from receiving any monetary benefit, personal recovery, equitable relief, or reinstatement as a result of any such charge with the EEOC, or any other governmental agency complaint or investigation. Nothing in this Release limits a Party's right to enforce the terms of this Agreement. Nothing herein will limit or preclude Plaintiffs from

applying for or receiving Unemployment Insurance benefits or Workers' Compensation benefits to the extent they are eligible for such benefits now or becomes eligible for such benefits in the future. However, Plaintiffs do affirmatively state and represent that they are currently unaware of any disability claim or Workers' Compensation injury that they believe was sustained during the course of their employment at the Building or relationship with Defendants.

6.   Except as otherwise specified herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, except as otherwise provided herein, no party shall be responsible or liable for the payment of any attorneys' fee for any other party.

7.   The Parties agree that they will not defame one another. Specifically, Plaintiffs shall not make any statements whether written or oral, including on any and all social media, or take any actions that defame, hold out to public embarrassment or ridicule, Defendants or any of their affiliates or affiliated companies, their services, products, management, employees, image, tradecraft, practices, office environment, culture, or otherwise harm their respective reputations. If Plaintiffs do so, their rights and benefits under the Agreement will be subject to breach of contract and rescission of all payments and benefits and monetary damages. Notwithstanding the foregoing, this paragraph shall not prevent the parties from making truthful statements.

8.   Nothing contained in the release provided for herein is intended to prevent any Party from enforcing the terms of this Agreement.

9.   By signing this Agreement, Plaintiffs represent that they have either returned to Defendants all property belonging to Defendants, including documents that belong to Defendants that are or may be in their possession or control, or will do so immediately upon executing this

8

Agreement. In addition, they will direct their attorneys to destroy any documents in their control or possession concerning this case.

10. Plaintiffs agrees to relinquish all rights, title, and interest in their current apartment at 40-66 Ithaca St. Elmhurst, Apt. 1D, NY 11373 (the "Premises"), as no later than: 15 days following Plaintiffs' receipt of the Settlement Payment described in Paragraph 1 or July 15, 2024. Plaintiffs' relinquishment obligates them to vacate the Premises no later than noon eastern standard time on either the 15th day after Plaintiffs' receipt of the Settlement Payment described in Paragraph 1, or July 15, 2024, and relinquish the property in clean, broom swept condition with no property and/or any belongings either inside or outside the Premises, including but not limited to the space in the hallway. It is understood that Defendants accept the surrender of the Premises collectively no later than 15 days following Plaintiffs' receipt of the Settlement Payment described in Paragraph 1 or July 15, 2024. Plaintiffs' consideration for vacating the Premises is the Settlement Amount in Paragraph 1 of this Agreement. Moreover, Plaintiffs agree that any items, personal or otherwise, remaining in the unit after the latter of: 15 days following Plaintiffs' receipt of the Settlement Payment described in Paragraph 1 or July 15, 2024, shall be deemed abandoned by Plaintiffs and Defendants may dispose of any and all items that remain after Plaintiffs vacate the premises.

11. Plaintiffs acknowledge that they are not entitled to any other payments from any of the Defendants for salary, hourly pay, overtime pay, pay for time worked, off-clock time, pay for lunch time or break time, bonuses, incentive compensation, severance, notice payments, sick leave, vacation, paid time off, insurance, retirement, benefits, business expenses, or to any other form or kind of payment, allowance, compensation, or reimbursement of any kind or nature whatsoever, and that, upon receipt of the Settlement Payment herein, they have been fully paid as required by

law and Defendants shall have no financial obligation to Plaintiffs whatsoever other than as set forth in this Agreement. Plaintiffs understand and agree that no portion of the monies payable to them hereunder are pensionable or will serve as a basis for him to claim entitlement to additional retirement or 401k contributions or benefits.

12. Plaintiffs acknowledge that none of the Settlement Payment is for medical treatment or injuries to Plaintiffs caused by or attributed to any of the named Defendants. Plaintiffs are not aware of any medical expenses that are the result of the Defendants' actions and do not anticipate any such medical expenses in the future. Plaintiffs and Defendants have made every effort to adequately protect Medicare's interest, if any, in this Agreement, and have not shifted responsibility for medical treatment to Medicare in contravention of federal law. Any present or future action or decision by Center for Medicare Services ("CMS") regarding this Agreement, or Plaintiffs' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or affect the finality of this Agreement or release of claims. Plaintiffs waive any and all private causes of action for damages pursuant to 42 U.S.C. 1395 and acknowledge that Defendants will report any payments to CMS, if specifically required by law to do so.

13. This Agreement constitutes the entire and only understanding and agreement among the Parties respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement.

14. This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

15. Waiver by any of the Parties hereto of any breach hereunder by any other Party shall not operate as a waiver of any other breach, whether similar to or different from the breach

17926097.v2-7/1/24

waived. No delay on the part of any of the Parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the Parties of any such right or remedy shall preclude other or further exercise thereof.

16. This Agreement will be binding on and will inure to the benefit of the settling Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated, and subsidiary entities. Plaintiffs and Defendants warrant that they have not assigned any claims or obligations that were released in this Agreement, or that gave rise to the Action.

17. Any and all representations and warranties made herein survive the execution of the Agreement.

18. This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

19. Should any provision of this Agreement be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable to any extent, the validity of the remaining parts, terms, or provisions of this Agreement shall not be affected, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement. The remaining provisions shall nevertheless survive and continue in full force and effect without being invalidated in any way. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent such that Plaintiffs can bring an action thereunder, Plaintiffs hereby agree: (i) that any and all payments made by Defendants under Paragraph 1 of this Agreement shall count against any recovery to which they may be entitled; and (ii) that upon demand from Defendants, Plaintiffs agree to sign a lawful release designed to support and uphold, to the maximum extent under the law, Plaintiffs' agreement herein to release and discharge the Releasees

from the action or actions previously barred by the unenforceable provision or any recovery thereunder. The United States District Court for the Eastern District of New York shall retain jurisdiction for the purpose of enforcing the terms of this Settlement Agreement.

20. Any notices or requests under this Agreement shall be in writing, sent via overnight mail or e-mail to counsel for Plaintiffs, Jason Mizrahi and counsel for Defendants James E. McGrath, III and Samuel Dobre. Any notice of breach of this Agreement shall state the following information: (a) the specific nature of the breach, including the specific provision of this Agreement claimed to be breached, and (b) the facts relied upon the party giving notice to determine that a breach occurred. Any notices shall be addressed as follows:

    a.    If to the Plaintiffs:

        Jason Mizrahi, Esq.
        Levin-Epstein & Associates, P.C.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Tel. No.: (212) 792-0048
        Email: Jason@levinepstein.com

    b.    If to the Defendants:

        James E. McGrath, III, Esq.
        Samuel G. Dobre, Esq.
        Bond, Schoeneck & King, PLLC
        600 Third Avenue, 22nd Fl.
        New York, N.Y. 10016
        Tel No.: 646.253.2319
        Fax No: 646.253.2301
        Email: jmcgrath@bsk.com
        Email: sdobre@bsk.com

21. Each Party has read this Agreement and understand and agrees to the terms thereof.

22. This Agreement is effective when it has been fully executed by all Parties. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

23. Plaintiffs acknowledge that they have had an opportunity to review this Agreement with counsel of their choosing and have received the advice of their counsel, and that they have read and fully understand the terms of this Agreement. By signing this Agreement, Plaintiffs agree and acknowledge that they are doing so voluntarily and without any coercion. Plaintiffs freely and knowingly, and after due consideration, enter into this Agreement intending to waive, settle, and release all claims they have or might have against Defendants.

24. Each Party hereto agrees to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

The Parties, intending to be legally bound hereby, have executed the foregoing Settlement Agreement:

***The remainder of this page is intended to be blank***

Dated: New York, NY
July 8, 2024

_____
EDGAR POLO

STATE OF NEW YORK)
                  ss.:
COUNTY OF NEW YORK)

On the 8 day of July 2024, before me, the undersigned, a notary public in and for the State of New York, personally appeared EDGAR POLO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

_____
NOTARY PUBLIC

Md A Rahman
Notary Public - State of New York
No. 01RA6259497
Qualified in Nassau County
My Commission Expires April 16, 2028

---

Dated: New York, NY
July 8, 2024

_____
INES POLO

STATE OF NEW YORK)
                  ss.:
COUNTY OF NEW YORK)

On the 8 day of July 2024, before me, the undersigned, a notary public in and for the State of New York, personally appeared INES POLO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, she executed the instrument.

_____
NOTARY PUBLIC

Md A Rahman
Notary Public - State of New York
No. 01RA6259497
Qualified in Nassau County
My Commission Expires April 16, 2028

PINNACLE GROUP N.Y. LLC

By: _____
(Print name and title)
Joel Wiener MANAGER

40-66 ITHACA ST. OWNERS CORP

By: _____
(Print name and title)
Joel Wiener MANAGER

_____
JOEL WIENER, individually

_____
TAL SHARON, individually

15

17926097.v2-7/1/24

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGAR POLO AND INES POLO,

                    Plaintiffs,

-against-                      **STIPULATION OF DISMISSAL WITH PREJUDICE**

40-66 ITHACA ST. OWNERS CORP., PINNACLE GROUP NY LLC, JOEL WIENER, AND TAL SHARON,        Case No.: 1:23-cv-05128

                    Defendants.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the Plaintiffs EDGAR POLO AND INES POLO, and counsel for Defendants, 40-66 ITHACA ST. OWNERS CORP., PINNACLE GROUP NY LLC, JOEL WIENER, AND TAL SHARON, that the Complaint is hereby withdrawn in its entirety and the action and all claims asserted therein are hereby voluntarily dismissed with prejudice. All parties shall bear their own costs and fees.

Dated: July 1, 2024

| | |
|---|---|
| **LEVIN-EPSTEIN & ASSOCIATES, P.C.,** | **BOND, SCHOENECK & KING, PLLC** |
| By: _____ | By: _____ |
|     Jason Mizrahi, Esq. |     James E. McGrath, III, Esq. |
| *Attorneys for Plaintiffs* |     Samuel G. Dobre, Esq. |
| 60 East 42nd Street, Suite 4700 | *Attorneys for Defendants* |
| New York, New York 10165 | 600 Third Avenue, 22nd Floor |
| Tel. No.: (212) 792-0048 | New York, New York 10016 |
| Email: Jason@levinepstein.com | Telephone: (646) 253-2319 |
| | Email: jmcgrath@bsk.com |
| |          sdobre@bsk.com |

                    SO ORDERED:

                    _____